HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALAA ELKHARWILY, M.D., | CASE NO. C17-5838-RBL |
| Plaintiff, | ORDER |
| v. | [DKTS. #12, #13, #28] |
| FRANCISCAN HEALTH SYSTEM, a Washington non-profit corporation, | |
| Defendant. | |

THIS MATTER is before the Court on Defendant Franciscan Health System's Motion to Dismiss [Dkt. # 12], Plaintiff Alaa Elkharwily's Motion for Leave to File a Second Amended Complaint [Dkt. #13], and Franciscan's Motion for Sanctions [Dkt. #28]. This is the second case arising out of Elkharwily's failure to obtain privileges at St. Joseph Medical Center. Elkharwily alleges that Franciscan and its attorneys concealed and fabricated evidence at the first trial, resulting in fraud on the court. Franciscan argues that *res judicata* bars Elkharwily's baseless fraud claims because Judge Bryan previously adjudicated them.

ORDER - 1

## I. BACKGROUND

Elkharwily is a physician with a bi-polar disorder diagnosis. In 2012, Group Health (a non-party) offered Elkharwily employment as a night-shift hospitalist (or nocturnist), contingent on him receiving privileges to practice at Franciscan's St. Joseph Medical Center in Tacoma.

Franciscan's medical executive committee (comprised of doctors and hospital administrators) reviewed Elkharwily's application for privileges and granted him temporary privileges. Shortly thereafter, Franciscan's credentials committee issued a report to the executive committee concerning "red flags" in Elkharwily's background. The executive committee rescinded Elkharwily's temporary privileges, and requested that Franciscan Dr.'s deLeon and Haftel interview Elkharwily about the report. After the interview, the doctors expressed concerns to the medical executive committee about Elkharwily's clinical competence.

The executive committee ordered a competency assessment, noting that Group Health could proctor (provide on-the-job supervision and assessment) Elkharwily. Group Health approved a six-week proctoring plan that allowed Elkharwily to shadow the day-shift hospitalist team. The executive committee determined that because Elkharwily is a nocturnist, he needed nighttime proctoring. Group Health informed the executive committee that it did not have adequate staffing to proctor Elkharwily at night. The executive committee determined that Elkharwily could not gain sufficient clinical experience to obtain hospital privileges and upheld its decision to rescind Elkharwily's temporary privileges.

Elkharwily appealed to a review-hearing panel that consisted of three active Franciscan staff members who were unfamiliar with the case. The panel made a non-binding recommendation that the executive committee should provide Elkharwily the opportunity to respond to its rejection of the proctoring plan. Nevertheless, the executive committee rejected the

recommendation, stating that the hearing panel incorrectly focused on process instead of Elkharwily's competence. The executive committee noted that Group Health did not have adequate staff for nighttime proctoring and Franciscan did not have an obligation to provide proctoring—it upheld its decision to rescind Elkharwily's temporary privileges.

Over two years later, Elkharwily sued Franciscan in state court, claiming that Franciscan discriminated against him, in violation of the Washington Law Against Discrimination, RCW 49.60.030, the Rehabilitation Act, 29 U.S.C. §794, Title VI of the Civil Rights Act of 1964, 42 U.S.C. §200(d), and the False Claims Act, 31 U.S.C. §3729. *See Alaa Elkharwily, M.D. v. Franciscan Health System*, Case No. 15-2-10437-9. Franciscan removed the case to this district. *See Elkharwily v Franciscan*, Cause No.15-cv-05579-RJB, Dkt. #1.[1] Judge Bryan presided over a jury trial. Ekharwily argued that Franciscan rescinded his temporary privileges because of his bi-polar disorder, asserting that Franciscan falsely documented in committee minutes that Group Health did not have proctors available at night. Judge Bryan instructed the jury that to prevail, Elkharwily had the burden of proving that he was able to perform the essential function of the nocturnist job, and that his disability was a substantial factor in Franciscan's decision to deny privileges. The jury found in Franciscan's favor.

Ekharwily moved for a new trial, claiming that the verdict was the result of false evidence. Dkt. #132. Specifically, Elkharwily alleged that Franciscan Dr. deLeon lied during Elkharwily's hearing panel when he stated that the medical executive committee did not request or sanction proctoring. *Id.* at 7. Additionally, Elkharwily alleged that Franciscan Dr. Cammarano lied when he testified at trial that Franciscan never requested daytime proctoring for Elkharwily. *Id.* at 7–8. Judge Bryan denied the motion, determining "[n]one of what Plaintiff presents in

---

[1] Unless otherwise noted, all in-text citations to the Dkt. are to this prior case.

ORDER - 3

support of his motion rises to the level of a proven lie . . . that would justify a new trial." Dkt. #139 at 3.

Undeterred, Ekharwily filed a motion for reconsideration, trying again to convince Judge Bryan that the verdict was the product of fraud. Elkharwily argued that Franciscan's witnesses and attorney lied to the jury when they claimed that proctoring at night is neither possible nor safe. Dkt. #140 at 7. Judge Bryan denied the motion, ruling that Elkharwily had had the opportunity during discovery, trial preparation, and cross-exam to challenge the evidence. Dkt. #145.

Unwilling to accept the Court's ruling, Ekharwily filed a third post-trial motion seven days later. This time he sought Relief from Judgment under Fed. R. Civ. P. 60(b) and (d), insisting again that Franciscan's attorney committed fraud on the court, alleging he redacted committee minutes to purposely conceal the identity of possible nocturnist proctors:

> Plaintiff has also discovered that Bob Thong, MD, was the 4th nocturnist. . . . [A]mazing what a little chat with few people could reveal . . . Drs. Pujol and [sic] Hasnain and Thong would certainly have been on Defendant's credentialing minutes in 2012, but their names were hidden from Plaintiff.

Dkt. #146 at 6.

While that motion was pending, Elkharwily appealed to the Ninth Circuit, and as a result, Judge Bryan struck the motion. Dkt. #157. Elkharwily asked Judge Bryan to make an "indicative ruling" (under Rule 62.1 and FRAP 12.1) despite the appeal, claiming that the motion raised issues not on appeal. Dkt. #158. The Ninth Circuit remanded the case for that limited purpose. Dkt. #160; Dkt. #174. Judge Bryan denied the motion, concluding that "[t]his allegation appears contrary to the evidence. . . . Plaintiff's counsel was the only person to conclude, without support, 'that Dr. Pujol, Dr. Hasnain, and Dr. Thong were available to proctor [Elkharwilly] at

night.' This unsubstantiated statement, without any support on the record, is not sufficient to trigger Federal Rule of Civil Procedure 60(b)." Dkt. #184 at 3–4.

Unconvinced, Elkharwily filed a fourth post-trial motion [Dkt. #185], asserting that he now really had discovered new evidence demonstrating his fraud claim. He claimed he spoke to Dr. Bob Thong for the first time, and "developed information since the [last] hearing . . . that there were GHP hospitalists available and [sic] qualified and willing to proctor Plaintiff . . . at and after the Hearing Panel." Dkt. #185 at 2. Judge Bryan again rejected Elkharwily's claim: "much of the alleged new evidence [was] hearsay . . . [and] could have been brought to the court's attention earlier with reasonable diligence." Dkt. #187.

Unsatisfied, Elkharwily sued Franciscan again, in this Court, purporting to bring a "collateral attack" on the judgment now on appeal in the Ninth Circuit. Elkharwily asks this Court to vacate Judge Bryan's final judgement, to effectively moot the appeal and allow him to re-litigate his discrimination claim. His complaint made the same allegations that Judge Bryan already addressed and rejected—that Franciscan's attorney "concealed by redaction and alteration of documents all references to Drs. Pujol, Hasnain and Thong in all minutes . . . [and] falsely stated to the jury . . . [that] 'Group Health . . . did not have staff to monitor Dr. Elkharwily at night.'" 17-cv-05838-RBL, Dkt. #1 at 18 (citation omitted).

Elkharwily filed an amended complaint—claiming new evidence—but it too contains facts and accusations that Judge Bryan already rejected. Elkharwily claims that he recently learned from Thong and other Franciscan personnel that doctors were indeed available to proctor him. This new information caused him to analyze the committee minutes again, and he discovered that Franciscan's attorney "fabricated and altered those committee minutes so as to

conceal evidence of the availability, and qualifications of those three doctors to proctor him . . ." *Id.*, Dkt. #9 at 6–9.

In response to Franciscan's Motion to Dismiss, Elkharwily asks for leave to file a second amended complaint—at least his seventh overall effort to allege and demonstrate fraud.

## II. DISCUSSION

**A. Motion to Dismiss.**

Franciscan seeks dismissal based on *res judicata*. Dismissal under Fed. R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (citing *id.*).

Although *Iqbal* establishes the standard for deciding a Rule 12(b)(6) motion, Rule 12(c) is "functionally identical" to Rule 12(b)(6) and that "the same standard of review" applies to

motions brought under either rule. *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 647 F.3d 1047 (9th Cir. 2011), *citing Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir.1989); *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (applying *Iqbal* to a Rule 12(c) motion).

Under *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The doctrine of *res judicata* bars a party from re-filing a case where three elements are met: (1) identity of claims; (2) final judgment on the merits; and (3) identity or privity between parties. *Frank v. United Airlines, Inc.*, 216 F.3d 845, 850, n.4 (9th Cir. 2000).

Elkharwily argues that *res judicata* does not bar his new claims because they are based on Rule 60(d)(3), unlike his prior arguments under Rule 60(*b*)(3). He relies on three cases, but none provides even tangential support for the proposition that one can avoid the preclusive effect of a prior litigation loss by simply citing a different section of the same rule. Indeed, none even addresses *res judicata*.

Elkharwily cites *Haeger v. Goodyear Tire & Rubber Co.*, 793 F.3d 1122, 1125 n.1 (9th Cir. 2003), for a true but unhelpful statement: "[l]itigation is not a game. It is the time-honored method of seeking the truth, finding the truth, and doing justice." He also relies on *United States v. Beggarly*, 524 U.S. 38, 46 (1998), but the Court there determined that allegations of failure to furnish relevant information would "at best form the basis for a Rule 60(b)(3) motion" and that "independent actions should be available only to prevent a grave miscarriage of justice." It certainly did not hold that a claim of fraud already adjudicated could be renamed as an independent action and successfully overcome the *res judicata* bar. Finally, Elkharwily cites

*Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128, 1129 [1130] (9th Cir. 1995), which did involve fraud on the court, but did not involve serial motions and lawsuits all based on the same, conclusory allegation of "fraud." And it did not address the application of *res judicata,* where, as here, the fraud claims have already been heard and rejected.

There is no authority for the proposition that changing the grounds for relief from Rule 60(b) to Rule 60(d) is an effective way to reargue the same theories free of the effects of *res judicata*. Elkharwily clearly and repeatedly insisted to Judge Bryan that the verdict and the judgment were the result of fraud—he claimed then, as he does now, that Franciscan's attorney altered or forged the committee minutes to conceal the identity of proctors. Judge Bryan fully heard and repeatedly rejected these claims and his judgment and orders are on appeal. The law predictably and wisely does not permit a dissatisfied litigant to keep suing on the same claim until he wins.

Franciscan's Motion to Dismiss [Dkt. #12] is **GRANTED**.

**B. Motion for Leave to Amend.**

Elkharwily amended his complaint once in this case, and seeks leave to do so again, including eight pages that detail 18 specific instances of what he perceives as fraud on the court. Franciscan argues that amendment would be futile because *res judicata* bars Elkharwily's claims.

Leave to amend a complaint under Fed. R. Civ. P. 15(a) "shall be freely given when justice so requires." *Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). In determining whether to grant leave under Rule 15, courts consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and

whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (emphasis added). A proposed amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Gaskill v. Travelers Ins. Co.*, No. 11-cv-05847-RJB, 2012 WL 1605221, at *2 (W.D. Wash. May 8, 2012) (citing *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir.1997)).

Elkharwily's proposed second amended complaint would be futile because his claims are barred by *res judicata*, as described above. Adding new and more details about facts and events and arguments that already took place does not change the fact that he either did or could have alleged all of these facts in the prior case and in his prior motions.

Elkharwily's Motion for Leave to Amend [Dkt. #13] is **DENIED**.

**C.  Motion for Sanctions Pursuant to FRCP 11.**

Franciscan asks the court to impose sanctions (in the form of attorney's fees) against Elkharwily for frivolous litigation.

Under Fed R. Civ. P. 11(b), every attorney or unrepresented litigant's filings include a representation that it is not presented for any improper purpose, that the claims and defenses are warranted by law, and that their factual contentions have or will have evidentiary support. Under Rule 11(c), after notice and an opportunity to be heard, a court can impose an appropriate sanction for such violations.

Elkharwily has long been on notice that his fraud claims were or could have been litigated previously, even if they were meritorious. Elkharwily has made no real attempt to articulate why *res judicata* does not apply, and his "b/d" distinction is unavailing.

Franciscan's Motion for Sanctions is **GRANTED**. Elkharwily shall pay Franciscan $2500 within **21 days** of this order, and file a notice in this court that he has done so. If he does

not, the Clerk shall enter a judgment in that amount against Elkharwily and in favor of Franciscan. In the meantime, Elkharwily's claims are **DISMISSED WITH PREJUDICE** and without leave to amend. Elkharwily's Motion for Relief from Deadline for Filing Reply [Dkt. #28] is **DENIED AS MOOT**.

IT IS SO ORDERED.

Dated this 2nd day of February, 2018.

Ronald B. Leighton
United States District Judge